David Lopez, Esq. (DL-6779)
Attorney For Plaintiff
171 Edge Of Woods Road
P.O. Box 323
Southampton, New York
Tel: (631) 287-5520
Fax: (631) 283-4735
e-Mail: DavidLopezEsq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**DEBORAH DONOGHUE,**

    **Plaintiff,**

  - against -                              COMPLAINT

**NATIONAL FINANACIAL PARTNERS**    07 Civil 8551
**CORP. and JEFFREY A. MONTGOMERY,**  (Berman, J.)

    **Defendants.**
_____/

    **DEBORAH DONOGHUE,** by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief except as to paragraph 2 which plaintiff alleges on personal knowledge:

**JURISDICTION:**

    1.  This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of NATIONAL FINANCIAL PARTNERS CORP., a Delaware corporation whose principal offices are located at 787 7th Avenue, New York, New York 10019. At all times relevant hereto the common stock of NATIONAL FINANCIAL PARTNERS CORP. was registered under Section 12 of the Act and traded on the New York Stock Exchange located within this district. This action is brought in the right and for the benefit of NATIONAL FINANCIAL PARTNERS CORP. which is named as a party defendant solely in order to have all necessary parties before the court.

3. At all times relevant to liability hereunder JEFFREY A. MONTGOMERY was an insider of NATIONAL FINANCIAL PARTNERS CORP., to wit: CEO and president of a major business unit.

**STATUTORY REQUISITES:**

4. The violations to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of Section 16(b) of the Act and of the rules and regulations promulgated thereunder.

5. Demand for prosecution was made on NATIONAL FINANCIAL PARTNERS CORP. on August 8, 2006. Upon receipt of plaintiff's demand and upon learning that he was liable to NATIONAL FINANCIAL PARTNERS CORP. for the short-swing profits he had realized through his trading as recited herein, JEFFREY A. MONTGOMERY instructed his broker to rescind the purchase he had voluntarily made the preceding day. NATIONAL FINANCIAL PARTNERS CORP. has accepted that this rescission extinguished the liability of JEFFREY A. MONTGOMERY to it and has refused plaintiffs request for a recovery. More than 60 days have expired since demand and further delay in the filing of suit would be a futile gesture.

6. Some of the transactions constituting the violations of law to be described herein were effected within this district on the floor of the New York Stock Exchange. All defendants do business and are found within the district.

7. This action is brought within two years of the occurrence of the transactions enumerated below or within two years of the date of the filing of reports by JEFFREY A. MONTGOMERY with the Commission as required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of.

**FIRST CLAIM FOR RELIEF:**

8.   JEFFREY A. MONTGOMERY purchased 1,500 shares of the common stock of NATIONAL FINANCIAL PARTNERS CORP. on August 7, 2007.

9.   JEFFREY A. MONTGOMERY sold 2,000 shares of the common stock of NATIONAL FINANCIAL PARTNERS CORP. on February 17, 2006, within six months of the purchases aforesaid, such sales being at prices higher than paid for the purchases.

10.  By reason of the foregoing sales and purchases or purchases and sales of shares beneficially owned by him within periods of less than six months while he was an officer and fiduciary of NATIONAL FINANCIAL PARTNERS CORP., JEFFREY A. MONTGOMERY realized profits to the extent of his pecuniary interest, the exact amounts being unknown to plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of NATIONAL FINANCIAL PARTNERS CORP.

11.  The purported rescission of the purchase as recited above was ineffectual, as a matter of law, to extinguishi the liability of JEFFREY A. MONTGOMERY to NATIONAL FINANCIAL PARTNERS CORP.

**SECOND CLAIM FOR RELIEF:**

12. JEFFREY A. MONTGOMERY, during periods not barred by the statute of limitations preceding the date of the filing of the complaint in this suit, purchased and sold or sold and purchased equity securities or share equivalents beneficially owned by him of NATIONAL FINANCIAL PARTNERS CORP. within periods of less than six months while an insider and a fiduciary of NATIONAL FINANCIAL PARTNERS CORP.

13. By reason of such purchases and sales or sales and purchases within periods of less than six months while an insider of NATIONAL FINANCIAL PARTNERS CORP., JEFFREY A. MONTGOMERY realized profits, the exact amounts thereof being unknown to plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of NATIONAL FINANCIAL PARTNERS CORP.

WHEREFORE, plaintiff demands judgment:

a) Requiring JEFFREY A. MONTGOMERY to account for and to pay over to NATIONAL FINANCIAL PARTNERS CORP. the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit.

b) Awarding to plaintiff his costs and disbursements, including reasonable attorneys' fees; and

      c)    Granting to plaintiff such other and further relief as the court may deem just and proper.

Dated:  Southampton, New York
       October 1, 2007

                                   Yours, etc.

                                   /s/ David Lopez_____
                                 David Lopez, Esq.
                                 DL-6779
                                 P.O. Box 323
                                 Southampton, New York 11969
                                 Tel: (631) 287-5520
                                 Fax: (631) 283-4735
                                 e-Mail: DavidLopezEsq@aol.com